IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **COREY A. STIENBARGER,** Defendant. | Case No: 14-03106-27-CR-S-MDH |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Corey A. Stienbarger, to a term of incarceration of 72 months for Count 1 as well as to an appropriate term of supervised release.

### I. BACKGROUND

The defendant, on May 2, 2016, pled guilty, without a written plea agreement, to Count 1 of the Second Superseding Indictment charging him with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On July 13, 2016, the final Presentence Investigation Report (PSR) was filed, indicating that the defendant's base offense level, after acceptance of responsibility, for Count 1 was 35, with a criminal history category of III. (PSR ¶ 91). The defendant's presentence investigative report indicated that his sentencing range was 210 to 262 months. (PSR ¶ 91). There is a statutory minimum sentence in this case for Count 1 of ten years. (PSR ¶ 90). The government has no objections to the presentence report.

## II.  LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range.  *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006).  Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range.  *Plaza*, 471 F.3d at 930.  After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence.  *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

The government filed no objections to the PSR.  The defendant has filed an objection to report, specifically to argue that he is deserving of a minimal participant reduction under the guidelines.  The Government believe that the Probation Office correctly determined that the defendant is not entitled to a minimal participant role in this case under U.S.S.G. § 3B1.2. Stienbarger distributed 450 grams of methamphetamine as part of the conspiracy and admitted distributing packages for the conspiracy that contained methamphetamine.  The defendant is not eligible for the minimal participant reduction.  *United States v. Goodman*, 509 F.3d 872, 876-77 (8th Cir. 2007) (reversing minimal-role reduction when defendant, who admitted to participating in the conspiracy, presented no evidence that he lacked knowledge or understanding of scope of conspiracy and possessed materials required to manufacture methamphetamine); *United States v. Garvey*, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam) (reviewing court upheld denial of mitigating-role reduction based solely on large amount of drugs involved).

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The defendant's presentence investigative report indicated that his sentencing range for Counts 1 is 210 to 262 months. There is a statutory minimum in this case for Count 1 of ten years. The Government concurs with these calculations.

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of the offense are detailed in the factual statement of the plea agreement, which stated as follows:

> Concerning Count 1 of the Second Superseding Indictment, between June 1, 2013, through November 29, 2014, said dates being approximate, in Greene, Polk, Christian, Jasper, Laclede, and Webster Counties, in the Western District of Missouri and elsewhere, the defendant, Corey A. STIENBARGER, along with others named in the Second Superseding Indictment knowingly and intentionally conspired and agreed with each other to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841 (a)(1) and (b)(1)(A).
>
> Beginning in 2012, the United States Drug Enforcement Administration, assisted by the United States Internal Revenue Service (hereinafter IRS), the Missouri State Highway Patrol (hereinafter MSHP), the Springfield, Missouri Police Department (hereinafter SPD), and the other affiliated law enforcement agencies, investigated a large scale methamphetamine distribution network in southwest Missouri involving several sources of supply both inside and outside of the State of Missouri. The leaders of this distribution network in southwest Missouri were identified as Daniel and Kenna HARMON. The HARMON Drug Trafficking Organization (hereinafter HARMON DTO) obtains pound amounts of methamphetamine from sources of supply in Kansas City, St. Louis, as well as from the State of Oklahoma, for distribution in the Springfield, Missouri, area. Kenna HARMON directed the HARMON DTO to purchase large amounts of methamphetamine from various sources of supply, which included co-defendants Anthony J. VAN PELT and Kenneth FRIEND. STIENBARGER assisted VAN PELT in his distribution of methamphetamine to HARMON and others.
>
> On August 19, 2014, a vehicle driven by Michael SHIFLEY was stopped by the MSHP in Greene County, Missouri. During the traffic stop, a vehicle search was conducted by the MSHP. The search revealed approximately 450 grams of methamphetamine.

On August 21, 2014, DEA agents contacted SHIFLEY at the Greene County Jail regarding the seizure of the 450 grams of methamphetamine. SHIFLEY stated that he had purchased the methamphetamine from STIENBARGER, who had obtained the methamphetamine from VAN PELT. SHIFLEY and STIENBARGER met at the Hurricane Bay Carwash, Republic, Missouri, to make the exchange for the methamphetamine. SHIFLEY stated that he paid $14,000 for the methamphetamine. Video surveillance cameras at the car wash confirm that STIENBARGER was there at the car wash at the time of the transaction.

On December 15, 2014, DEA agents interviewed STIENBARGER. STIENBARGER stated that he had known VAN PELT since STIENBARGER had been 14 or 15 years old. STIENBARGER stated that VAN PELT had contacted him in December of 2013, to ask if he wanted to get together. STIENBARGER stated that VAN PELT would provide him methamphetamine for use and VAN PELT and STIENBARGER would use together. STIENBARGER lost his job and afterwards VAN PELT provided him with money. In June of 2014, STIENBARGER moved to Nixa, Missouri, living in an apartment that VAN PELT paid for with a six-month advance of $1200 per month for a total payment of $7,200. STIENBARGER stated that he would do "errands" for VAN PELT, such as delivering packages for VAN PELT. STIENBARGER admitted to knowing that some, if not all, of the packages contained methamphetamine.

In total, the HARMON DTO was responsible for the distribution of over 45 kilograms of methamphetamine from June 1, 2013, through November 29, 2014, and STIENBARGER was aware, or had reason to be aware, of this amount being distributed by the HARMON DTO, because of his relationship with VAN PELT.

The defendant was involved with the Kenny Friend/Kenna Harmon Drug Trafficking Organization (FRIEND/HARMON DTO) which was a large-scale conspiracy to distribute methamphetamine throughout southwest Missouri in the years 2013-14. The defendant's role in this conspiracy was to distribute large amounts of methamphetamine that he received from the DTO to other persons. Stienbarger's role was similar to that of co-defendant Brandon Malen. The defendant's actions helped fuel the growth of one of the largest methamphetamine distribution rings in southwest Missouri, and this conduct requires a serious punishment. A total sentence of 72 months reflects the serious nature of this offense and the need for adequate punishment.

### 2. History and Characteristics of the Defendant

The defendant had four criminal history points and his criminal history category under the sentencing guidelines is a level III. The defendant major felony offense was for theft, in 2013.

The PSR also indicates that the defendant has a substance use/abuse problem. The defendant began using illegal controlled substances at the age of 13. The defendant is 28 years old.

The government believes a total sentence of 72 months would be a just punishment taking into account the history and characteristics of the defendant and would allow the defendant to obtain the drug treatment that he needs from the BOP.

### 3. Need to Promote Respect for the Law

Based on the defendant's history and actions, the Government would contend that a substantial sentence is necessary to promote respect for the law, both on the part of the defendant, as well as on the part of the community as well. In this case, the Government believes a sentence of 72 months would promote this respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 72 months would provide a deterrent to this defendant and those who commit similar types of crimes. While it is impossible to truly determine if others will be deterred from committing future crimes, a sentence of 72 months will specifically deter this defendant from committing additional crimes during his period of incarceration.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has shown that he is a danger to the community by his actions. A sentence of 72 months will give the community peace and security from the defendant at least for the period of time he is incarcerated.

5

Case 6:14-cr-03106-MDH   Document 989   Filed 06/23/17   Page 5 of 8

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government would submit that this defendant would benefit from a program that allows him to obtain further education. The defendant would likely would do well in obtaining further education. The government believes that the defendant would benefit from vocational training and other educational opportunities, as this would assist in his ability to obtain employment after his period of incarceration.

As noted, the defendant has reported a long history of substance abuse. The government believes that the defendant would benefit from the 500 hour substance abuse treatment program offered by the United States Bureau of Prisons, and would not object to the defendant's placement in the program.

### 7. The Need to Avoid Unwarranted Sentencing Disparities

Based upon the sentences given to other defendants, the Government believes that a sentence of 72 months is proportionate. The co-defendant most similar to the defendant in this case is Brandon Malen, who received a sentence of 24 months. The primary differences between the two defendants is that Stienbarger's criminal history is a category III, while Malen's was a category I, and Stienbarger was observed actually distributing 450 grams of methamphetamine for the conspiracy. Based upon these differences, the Government believes 72 months is a more appropriate sentence for Stienbarger.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's role in the offense, behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be

6

Case 6:14-cr-03106-MDH   Document 989   Filed 06/23/17   Page 6 of 8

considered in reaching an appropriate sentence. In conclusion, the Government respectfully requests this Court to impose a sentence of 72 months for Count 1. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney


*/s/ Randall D. Eggert*
RANDALL D. EGGERT Mo Bar #39404
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

   I hereby certify that on this the 23rd day of June, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                */s/ Randall D. Eggert*
                RANDALL D. EGGERT